WHITNEY vs. THE CITY OF MILWAUKEE.

*April 11 — May 31, 1883.*

*Defective cross-walk.*

57 639
96 455

The complaint in an action for personal injuries caused by a defective cross-walk shows that such cross-walk was on one of the principal streets of the defendant city; that at the point where it left the sidewalk it was three and one half feet above the street and that it descended to the street at a distance of but eight feet from the sidewalk; that it was but four feet five inches wide, while the sidewalk was fourteen feet nine inches in width; and that it was

not in a line with the sidewalk and had no rail or other protection to prevent a traveler from falling therefrom or to guide him along the same. *Held*, on demurrer, that the court could not say, as matter of law, that the cross-walk was in all respects sufficient.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

"This is an appeal from an order overruling a demurrer to the complaint. The ground of demurrer was that the complaint does not state facts sufficient to constitute a cause of action. The action was brought to recover damages for an injury received by the plaintiff while traveling upon one of the streets of the defendant city; and it is alleged that the accident happened on account of want of care on the part of the city in keeping and maintaining the street where the accident happened in a proper and safe condition. The complaint, after alleging the incorporation of the city and its duty to keep its streets and sidewalks in repair, reads as follows:

"'That certain streets and highways within the corporate limits, and in the central part of said city, designated and known as West Water street and Grand avenue, have been for thirty years last past and still are much traveled upon and over by citizens of said city and other persons; so much so that the duty of the defendant as to said streets and highways became and was, at the time hereinafter mentioned, and is, a matter of public and general concern.

"'That at the northeast corner of said West Water street and said Grand avenue, in front of and adjacent to the premises known as the west fifty-five and a half feet of lot 12, in block 58, in the Fourth ward in said city, during the early summer of the year 1880, and at least three months before the injuries hereinafter mentioned were sustained by the plaintiff, the sidewalk on said corner, for some distance from said corner eastward on said Grand avenue, and likewise for some distance from said corner northward on said West

Water street, was raised to an elevation of about three and a half feet above the street surface at the said sidewalk line; that for the purpose of providing a crossing from the said corner to the northwest corner of said streets and highways, a platform or bridge, even with the surface of said raised sidewalk, and declining to the surface of said West Water street to a point thereon eight feet west to the outer line of said sidewalk, and five feet and four inches wide, while the said sidewalk at its junction with said platform was and is fourteen feet and nine inches wide, was constructed; and said platform or bridge was not placed on a line with said Grand avenue sidewalks, but was so placed that it was considerably out of range with said sidewalk on said Grand avenue side, and was at the time of said injury unprovided with any rail or guard as a warning and to prevent persons walking or falling therefrom; that the condition of said sidewalk and said platform or bridge, so raised and constructed as aforesaid, was dangerous to persons there passing, which condition at the time of the said injuries had existed for three months and upward, of which the defendant had knowledge and notice.

"'That the plaintiff, on the night of the 30th day of October, 1880, which was dark, unaware of the condition of said crossing from the northeast corner of said streets and highways to the northwest corner thereof, that said platform or bridge had a breadth of but five feet and four inches, while the sidewalk on said Grand avenue, of which it was a continuation, had a breadth of fourteen feet and nine inches, and in the absence of any signal, notice, or warning of the danger that was there lurking in consequence of said unsafe condition, while lawfully traveling on foot along said sidewalk, and passing said platform or bridge, and in the exercise of ordinary and reasonable care, the plaintiff was violently thrown from said bridge to the roadway and struck

upon his right shoulder and side with great force, whereby said shoulder and side were much lacerated and bruised.'

" The other allegations of the complaint set out the plaintiff's injuries, and the giving of notice as required by statute, and have no bearing upon the question of the sufficiency of the complaint raised by the demurrer."

For the appellant there was a brief by *P. J. Somers,* City Attorney, and oral argument by *Peter Rupp,* Assistant City Attorney.

For the respondent the cause was submitted on the brief of *J. V. V. Platto.*

TAYLOR, J.   We are of the opinion that the demurrer was properly overruled.   Upon the facts stated in the complaint we cannot say, as a question of law, that the cross-walk at the place where the accident happened was not an insufficient and dangerous cross-walk.   The allegations of the complaint show that the cross-walk was on one of the principal streets of the city; that at the point where it left the sidewalk it was three and one half feet above the street; that it descended to the street at a distance of only eight feet from the sidewalk, making, so far as we can determine from the complaint, a descent of three and one half feet in the distance of eight feet; that the cross-walk was but five feet and four inches wide, while the sidewalk from which it started is fourteen feet and nine inches wide; that the cross-walk was not placed in a line with the Grand avenue sidewalk, but was out of range with it, and had no rail or other protection to prevent the traveler from falling therefrom, or to guide him along the same.

We think these allegations present a state of facts which will not justify a court in determining as a question of law that the cross-walk was in all respects a sufficient walk.   It is clearly a question of fact for the determination of a jury.

It presents a much stronger case of a defective and insufficient crossing than was presented by the evidence in the case of *Perkins v. Fond du Lac*, 34 Wis., 435. In that case, the walk leading from the bridge to the sidewalk descended but two and one half feet in twenty, and had a hand-rail on one side. Mr. Perkins was injured by falling on this walk in the winter, when it was covered with snow and was very slippery. The present chief justice, in his opinion in that case, says: " It is alleged in the complaint, and the testimony strongly supports the averment, that the walk at this point was constructed in a faulty and unsafe manner. And if it was unskilfully built, so as unnecessarily to increase the danger and peril of persons passing over it while it was covered with snow and ice, this would certainly constitute a defect for which the city would be liable. That it was practicable to construct the walk differently and more on a level with the bridge, so as to avoid the danger of passing up and down the descent, was a fact fairly inferable from the evidence. . . . From these facts the jury might well have found that the walk was improperly built, and that as a consequence it was not safe and convenient for ordinary travel. If so, it was the fault of the city, and it must respond in damages to one sustaining injury through its negligence." This language is equally applicable to the case at bar. A jury might say that a cross-walk but five and one half feet wide, descending from a sidewalk fourteen feet and nine inches wide, on an incline of three and one half feet in eight feet, not in line with the sidewalk, and without any guard or railing, upon one of the great thoroughfares of a large city, " was constructed in a faulty and unsafe manner," and "that it was practicable to construct it so as to avoid the danger of passing up and down the descent."

The learned city attorney says: " The fault or danger, if there was any, existed, according to the complaint, in the *plan* of the sidewalk and crossing, and not in the ministerial

act of building them;" and then invokes the doctrine laid down in some of the cases, that a municipality cannot be held responsible because a sidewalk is built upon a defective or dangerous plan, adopted by the proper municipal authorities.  *Urquhart v. City of Ogdensburgh*, 91 N. Y., 67; 2 Dillon on Mun. Corp., §§ 949–1046.  It is a sufficient answer to this suggestion that it does not appear from the complaint that the cross-walk in question was in fact built in accordance with any plan so adopted.  We are not, therefore, called upon in this case to determine the question of the liability of the city if it should adopt a plan of constructing its streets, sidewalks, and cross-walks which was so faulty as to seriously endanger the lives and limbs of its citizens passing over the same.

*By the Court.*— The order of the county court is affirmed, and the cause remanded for further proceedings.