65 409
77 546

WHITNEY, Appellant, vs. THE CITY OF MILWAUKEE, Respondent.

*February 8 — February 23, 1886.*

*Inadequate damages: Perverse verdict: New trial.*

A verdict for $24.27 damages for considerable injuries to plaintiff's person, which verdict (being for less than $50) entitled the defendant to recover costs amounting to $30.47, is *held* to have been *perverse*, and a new trial is ordered.

APPEAL from the County Court of *Milwaukee* County. Action to recover damages for personal injuries alleged to have been caused by the defective and unsafe condition

of a cross-walk in the defendant city. The cause has been before this court on an appeal from an order overruling a demurrer to the complaint. That order was affirmed. 57 Wis. 639. After the cause was remitted to the county court, the defendant answered, and a trial was had which resulted in a verdict in favor of the plaintiff assessing his damages at $24.27. A motion by the plaintiff for a new trial was denied, and from the judgment entered on the verdict the plaintiff appealed. Other facts will appear from the opinion.

The cause was submitted for the appellant on the brief of *J. V. V. Platto*, and for the respondent on that of *R. Luscombe*, City Attorney, and *Joshua Stark*, of counsel.

To the point that the verdict should have been set aside as perverse and against the manifest justice of the case, counsel for the appellant cited *Van Valkenburg v. Haskins*, 7 Wis. 496; Hilliard on New Trials (2d ed.), 486, sec. 71; *Emmons v. Sheldon*, 26 Wis. 650; *McDonald v. Walter*, 40 N. Y. 551; *Taunton Mfg. Co. v. Smith*, 9 Pick. 11; *Collins v. A. & S. R. Co.* 12 Barb. 492; *Clapp v. H. R. R. Co.* 19 id. 461; *Rogers v. Henry*, 32 Wis. 332–3; *Richards v. Sanford*, 2 E. D. Smith, 349; *Robbins v. H. R. R. Co.* 7 Bosw. 1; *Cottrill v. Cramer*, 59 Wis. 231; *Waufle v. McLellan*, 51 id. 484.

ORTON, J. It was held when this case was here before (57 Wis. 639) that the court could not say, as a matter of law, that the cross-walk was in all respects sufficient, as described in the complaint. This was equivalent to holding that if the cross-walk was proved on the trial to be as described in the complaint, its sufficiency was a question to be left with the jury as a question of fact. The evidence was that the cross-walk was substantially as described in the complaint, so that the jury was warranted in finding that it was insufficient, as they must have done by their general

verdict for the plaintiff. The cross-walk was about three and a half feet above the paved ground below. The plaintiff fell, in the dark, off this cross-walk, striking on his shoulder, and according to his evidence, corroborated by other witnesses, and not contradicted but rather rendered probable by the medical testimony, his shoulder was very much injured, and he suffered from the injury much pain for a considerable time. He was compelled to carry his arm in a sling for two months, and was unable to use his arm, as before the injury, in his business. From the distance the plaintiff fell, striking on his shoulder, it must have produced considerable injury, in the nature of things. The verdict of the jury was for the plaintiff, and they assessed his damages, all told, consisting of the cost of medical attendance and other expenses of cure, lost time, and pain and suffering, at precisely *twenty-four dollars and twenty-seven cents*. Failing to recover $50 in such an action, the defendant was entitled to recover the costs of the action. Sec. 2918, subd. 5, and sec. 2920, R. S.; *Ames v. Meehan*, 63 Wis. 408. The costs taxed, as appears by bill among the papers, are $30.47, so that the result of the trial was that the plaintiff was just $6.20, besides his attorney's fee, worse off than he was before it took place. The plaintiff appeals from the judgment. This verdict on its face is *perverse*. If the jury were warranted in finding for the plaintiff on the evidence, and we think they were, then he was entitled to recover a very much larger sum in damages. It is quite obvious that this verdict, so particular and precise even to a cent, was either the result of an unlawful and unseemly compromise or of prejudice. Such a verdict is trifling with a case in court and public justice, and unworthy of twelve good and lawful men, and is justly calculated to cast odium on the jury system and jury trials.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded for a new trial.