### Frederick DeFreitas v. William Nunes.

1. VERDICT—*when set aside as inadequate.* A verdict will be set aside as inadequate where the award of the jury is less than one-half of the actual pecuniary loss shown to have been sustained by the plaintiff at the time of the trial.

Action in trespass. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

WILLIAM BROWN and F. J. McAVOY, for appellant.

CHARLES A. BARNES and HARRY M. TICKNOR, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action in trespass by appellant against appellee to recover damages resulting from personal injuries inflicted upon appellant by shooting. A trial by jury resulted in a verdict and judgment

against appellee for $400. The only ground urged for a reversal of the judgment is that the damages awarded appellant are grossly inadequate.

The jury having found appellee guilty of the assault and battery charged in the declaration, it follows that appellant was entitled to recover his subsequent damages, as established by the evidence. It is not necessary to rehearse in detail the facts and circumstances attending the shooting of appellant by appellee, as the same were developed by the evidence. A bullet from a revolver fired by appellee, with the manifest intention on his part to wound appellant, struck the latter in his left eye, making it necessary to remove the eye.

In addition to damages for the pain and suffering endured by appellant he was entitled to substantial damages for the loss of his eye. The uncontroverted evidence in the case shows that appellant, as a result of his injury, was unable to work for nine months, and thereby sustained damages to the amount of $50 per month, or $450; that his hospital expenses were $60; that he had incurred liability for the professional services of a physician and oculist to the amount of $260; and that he was further indebted to the services of persons who attended him as nurses, to the amount of $100.

The award of the jury was less than one-half of the actual pecuniary loss sustained by appellant up to the time of the trial, and is manifestly so inadequate a compensation for the damages sustained that the trial court should have granted the motion for a new trial.

The judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*