### HYMAN LEAVITT *vs.* JOSEPH L. DOW.

Cumberland.   Opinion December 30, 1908.

*Assault and Battery.   Inadequate Damages.   New Trial.*

By the general common law rule, new trials were not granted upon the ground of inadequate damages in actions of trespass, but this rule has been relaxed, and it is now held in England and the United States, that no reason can be given for setting aside verdicts because of excessive damages, which does not apply to cases of inadequate damages.

It is the duty of the court in case of inadequate damages for a plaintiff, to set aside the verdict when the jury in rendering the verdict either disregarded the testimony or acted from passion or prejudice, or when the smallness of the verdict shows that the jury made such a compromise as was equivalent to a verdict for the defendant.

Where the plaintiff brought an action to recover damages for assault and battery and the verdict was for the plaintiff with damages assessed at one cent, *held* that there was an evident failure of justice to the plaintiff, and that the damages awarded him were clearly inadequate.

On motion by plaintiff.   Sustained.

Action of trespass to recover damages for an alleged assault and battery made by the defendant upon the plaintiff, brought in the Superior Court, Cumberland County.   Plea, the general issue with brief statement alleging that "the injury if any to the plaintiff was inflicted by the defendant in self defense from the assault of the plaintiff."   The jury returned a verdict for the plaintiff, assessing the damages in the sum of one cent.   The plaintiff then filed the following motion :

"And now said Hyman Leavitt after verdict in his favor and before judgment, moves that said verdict be set aside and a new trial granted, for the following reasons:

"I.    Because it is against law and the charge of the Justice.

"II.    Because it is against evidence.

"III.    Because it is manifestly against the weight of evidence in the case.

"IV.·   Because the damages assessed at one cent are manifestly and grossly inadequate."

The case is stated in the opinion.

*William Lyons*, for plaintiff.

*Frank P. Pride*, for defendant.

SITTING:    EMERY, C. J., WHITEHOUSE, PEABODY, CORNISH, KING, JJ.

PEABODY, J.    This was a civil action of trespass to the person to recover damages for assault and battery.

The verdict was for the plaintiff for a nominal sum of one cent damages.

The case comes before the Law Court on the plaintiff's motion for a new trial on the ground that the damages assessed by the jury are manifestly and grossly inadequate.

There were two meetings of the parties on the day of the alleged trespass.    A technical assault and battery seems to be admitted by the defendant's attorney, although denied by the defendant in his own testimony, who also justifies his acts on the ground that they were done in self defense, and claims that there was no actual injury inflicted on the plaintiff by him.

It is shown by the testimony of the plaintiff and his witnesses that on August 16th, 1906, he was sitting on a box in front of the window in his dry goods store on Main Street in the city of Westbrook, Maine, talking with another man, when the defendant came along the street, stopped and making an insulting remark, took off the plaintiff's cap, caught hold of his vest tearing off a button and gave him two or three·slaps on the head; that in a minute or two

he went away, but soon came back, got hold of the plaintiff by the coat and started shaking him saying, "Now you Jew, you can say to my face what you said behind my back," and struck him in the face and pulled him off the box on which he had remained sitting; that the plaintiff then got hold of the defendant around his body and pushed him over in front of Lemontagne's store, which was next to his own, during which time he was struck by the defendant and received a black eye; and that the assailants were separated by those present. The plaintiff immediately afterward felt a bad pain, was dizzy and dropped on the floor in his store. He first noticed Dr. Horr, sitting by him, who gave him some medicine. That evening he felt the same pain coming over him and was attended by Dr. Woodman who administered morphine; these pains returned and Dr. Woodman was again called. Later he was suffering and as Dr. Woodman could not come, Dr. Hall was called to attend him, and he was taken to the hospital where he remained one night. He still occasionally, before the coming of bad weather, feels the same pain. Previous to the alleged assault he had learned from his physician that he had a weak heart. He has paid $30 for expenses incurred in consequence of the trouble with the defendant.

These facts are not controverted except by the defendant's denial of an assault in the first instance; but in this he is opposed by several witnesses, who were present, called by the plaintiff and also by one called by himself, who was at the time on the opposite side of the street and testified; "I saw him (the defendant) just as any fellow would go along and tap him, (the plaintiff) on the head and brush his cap off on the sidewalk."

As to the part taken by the plaintiff in the second instance, the evidence is somewhat conflicting, but the testimony of the defendant and his witnesses tends to prove that, the violence used was largely due to the desperate resistance of the plaintiff in his efforts to push away his assailant, using unnecessary force and such unjustifiable means as biting him in the breast and holding him in his grasp until the parties were separated by the bystanders.

The jury were perhaps warranted in finding that the injuries to the person of the plaintiff not directly due to his own defensive acts were trivial, but it is clearly shown by the whole evidence that two

separate unprovoked assaults accompanied by grossly insulting language were publicly made by the defendant upon the plaintiff.

Under the circumstances of the case we think there must be in addition to some actual injuries to the person of the plaintiff, material damages for injury to his feelings from the humiliation to which he was publicly subjected by the defendant.

The law gives a plaintiff in case of personal trespass, compensation for both physical and mental suffering, directly resulting from the wrongful acts of the defendant. The anger and excitement of the plaintiff upon the second assault indicates that he was keenly conscious of the indignity he had received. By the general common law rule, new trials were not granted upon the ground of inadequate damages in actions of trespass and perhaps in all actions of tort. *Hackett* v. *Pratt*, 52 Ill. App. 346. But this rule has been relaxed, and it is now held both in England and in courts of the United States that no reason can be given for setting aside verdicts because of excessive damages, which does not apply to setting them aside for inadequacy of damages. *Phillips* v. *Southwestern R. Company*, (1879) L. R. 4 Q. B. Div. 406 ; *Benton* v. *Collins*, 125 N. C. 83, 47 L. R. A. 33 ; *Welsh* v. *McAllister*, 13 Mo. App. 89.

It is the duty of the court in case of both excessive and inadequate damages to set aside the verdicts if the jury in rendering them either disregarded the testimony or acted from passion or prejudice. *McDonald* v. *Walter*, 40 N. Y. 551 : *Richards* v. *Sanford*, 2 E. D. Smith, 349 ; *Paul* v. *Leyenberger*, 17 Ill. App. 167 ; *Cayford* v. *Wilbur*, 86. Maine, 415.

When the smallness of a verdict shows that the jury may have made a compromise, a new trial will be granted.. 47 L. R. A. 41, supra, and cases cited ; *Whitney* v. *Milwaukee*, 65 Wis. 409.

There is an evident failure of justice to the plaintiff. The damages awarded him are clearly inadequate. We are convinced that the jury were influenced by prejudice or that their verdict was a compromise, which is essentially equivalent to a verdict for the defendant.

*Motion sustained.*
*New trial granted.*