DONAT SIMONEAU *vs.* INHABITANTS OF LIVERMORE FALLS.

Androscoggin.     Opinion April 15, 1932.

*Clifford & Clifford,* for plaintiff.
*G. R. Grua,*
*Berman & Berman,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

DUNN, J.   When a road commissioner, or other person author-
ized, raises the surface of a public way or street to the injury of
adjoining land, the owner of the land may recover special damages
from the town. R. S., Chap. 27, Sec. 86. The procedure which the
statute prescribes is that of written application to the municipal
officers; thereupon they shall view the way, and assess the damages.
R. S., supra. Any person aggrieved by the assessment may com-
plain to the Superior Court. R. S., supra.

The application of this complainant, the owner of property ad-
joining Prospect Street in the town of Livermore Falls, that the
municipal officers of that town assess the damage done his prop-
erty by the raising of the surface of said street, was denied. The

reason assigned for the denial was that the improvement of the street, through such construction, increased the market value of the property, to the exclusion of damages.

In his complaint to the Superior Court, the complainant asserts that the street in front of and adjoining his lot of land and dwelling house was raised on June 15, 1930, to his injury.

The town, in its answer, denies that damage was done, and further says that the street, the dedication of which had been previously accepted, was not raised in manner and form as the complainant alleges, but physically graded in 1930, for the first time.

On trial by jury, the complainant recovered a verdict of $447.92.

The town presents the case on exceptions, and on motion for a new trial.

The defendant noted ten exceptions: five go to the admissibility of testimony; three to the charge; and two to the refusal to give requested instructions.

Discussion of these exceptions follows:

1. A civil engineer called by the complainant was permitted, over objection that the term was for the jury to interpret, to answer the question: "What is known as the grade of a street?" The question was patently permissible, in judicial discretion, as explaining the verbal expression which the witness himself had used shortly before in his testimony.

2. It was permissible for another witness for the complainant to testify, as bearing upon the question of special and peculiar benefits to the landowner, resulting from the raising of the street, what it would cost to put the premises in a proper condition with relation to the higher surface. *Chase* v. *Portland*, 86 Me., 367. If the real value of property, immediately before and after alteration of a way, could be ascertained, the difference between these two sums would be the exact equivalent for damage, and constitute just compensation for net injury. *Chase* v. *Portland*, supra. In determining diminution in value of property, as a consequence of raising a street, the jury (being limited in final inquiry to fixing the decrease in value caused by such elevation) may properly consider what expense a prudent man would reasonably incur in put-

ting the property, in reference to the new grade, in as good position as it was before. This no longer presents a question in this jurisdiction. *Chase* v. *Portland*, supra.

3. A plan was shown the jury, and admitted into the evidence — not as a "chalk" or "sketch", to illustrate testimony, or the case itself — but as a representation of the old and new grades of the street. Objection by counsel for the town, that the plan was "misleading and calculated to present an entirely false premise," was overruled. Technically, the plan was inadmissible; but its introduction in evidence was not harmful. The surveyor who made the plan, and whose testimony identified it, stated on cross-examination by counsel for the town, that the plan was inaccurate; moreover, that he, the draftsman, could not make it accurate, because of his lack of knowledge of the actual location of the old grade line. No exception lies to the admission of evidence unless prejudice results. *Bath* v. *Reed*, 78 Me., 276.

4-5. The fourth and fifth exceptions raise, in connection with the testimony of different witnesses, the same question that the second exception raises. Of these, there is no occasion for further remark.

6. It was left to the jury to find, from the evidence, whether, following acceptance by the town in 1919 of the way, it was then actually wrought, and thereafter maintained, by the town; or whether, as the town contended, what was done in 1930 was original construction.

The point of the exception apparently is that this question should have been ruled as one of law. The question was not entirely a legal one. Acceptance by the town, of the way as laid out by the municipal officers, located and established it. R. S., Chap. 27, Sec. 18. Ways "legally established shall be opened and kept in repair." R. S., Chap., 27, Sec. 65; *State* v. *Fuller*, 105 Me., 571, 575. Whether the town opened a legal way was a question to be decided by the jury, guided by the instructions of the judge.

7. The jury was directed in reference to the law of the case that, if it was necessary for the complainant to raise his house to the new grade, "the expense of so doing might be regarded as an aid and partial criterion of the loss that he had sustained." On reading

the charge as a whole, it is plain that the instruction was free from prejudicial error. *Chase* v. *Portland*, supra.

8. Nor is harmful error perceived in exception eight. It was intended to, and did, restrict the jury regarding damages (if they came to the consideration of that question) to the diminution in market value of complainant's premises, from reasonable probability that, as a result of raising the street, an increased quantity of surface water would flow onto his land, which adjoined it, and do injury.

9. Exception nine goes to the refusal to give a requested instruction. The exception is predicated on the proposition that the way was dedicated in 1919, by a predecessor in title of the complainant, and that consequently, in the construction of the way in 1930, no liability for damages attached.

A fatal difficulty with this exception is the premise of a dedication of the way. There was evidence that the way was laid out by the municipal officers, acting as public officers. They found that benefits equalled or exceeded damages; therefore the owners over whose lands the way was located were awarded no damages. The town accepted the way as laid out. Acceptance by a town, of a way so laid out, can not be deemed acceptance of a previously dedicated way, *Chapin* v. *Railroad Company*, 97 Me., 151, 157.

10. The tenth exception concerns the refusal to give this instruction: "The practical establishment of a grade must be by the authorized act of the town in either construction of a road, or the establishment of an improved surface on said road, or by record adoption of an existing grade." Whether the way had been raised, with resulting injury, was a question for the jury to decide. Proof that the road commissioner, or other person authorized, had elevated the physically established grade of the street, injuriously, in a legal sense, to the complainant, would make a *prima facie* case for him. *Sherburne* v. *Sanford*, 113 Me., 66.

The grounds of the motion are that the verdict is against the evidence; and the weight of the evidence; that it is contrary to law; and that the damages are excessive.

As located and established by vote of the town in 1919, Prospect Street, as it is now called, was 644½ feet long, and 33 feet wide.

There was evidence that the opening of the way was in the same year as that of its location and establishment.

In opening the way, a road machine was used to grade and smooth, and thus build an ordinary country street, where, from private use, there already were wagon tracks and wheel ruts. The expense of building the street, and in such practical manner, making the surface of the constructed street the grade, was charged against the general appropriation which the town had voted for ways.

Construction of the street did not affect, to any substantial degree, the grade of the bordering lands to the eastward.

Eleven houses, of which that now owned by the complainant was one, were subsequently erected on that side of the street. The complainant's house, which he purchased in 1927, was built in 1924.

In different years after 1919, road commissioners repaired the street, but did not materially alter its grade.

In 1930, the town having voted a specific appropriation, a hill in the street near the complainant's house was cut down, a fill was made, and the street raised. The change of surface was not merely to replace earth that had been scraped off, or washed off by the elements, or worn down by travel. On the contrary, raising the old surface left the lot of land of the complainant, for its frontage of fifty feet, lower than the new surface of the street. At the south corner, the lot was seventeen inches lower; at the north corner, twenty-three and one-half inches; at the front steps to the house, twenty inches. Complainant's lawn, if graded to the new surface, would be at the base of the clapboards on his house. The house, to correspond to the new grade of the street, must be raised approximately two feet.

These facts were not conceded, nor uncontroverted, but the finding by the jury, inferable from their general verdict, had ample support in evidence.

It is to be conclusively presumed that the probability that surface water from the street would be turned onto the adjacent lands was taken into consideration, in connection with the original determination respecting land damages. Elliott on Roads and Streets

(3d ed.), Vol. 1, Sec. 556; *Stone* v. *Augusta*, 46 Me., 127; *Peaks* v. *County Commissioners*, 112 Me., 318.

Evidence is, however, that the surface of the raised street depreciates the value of complainant's land, by the increased likelihood that, due to the raising of the street, surface water will flow onto such land in greater quantity than before, and do damage. *Sherburne* v. *Sanford*, supra.

The finding of the jury, that the complainant was entitled to damages, was fairly and reasonably supported by proof, and the amount awarded is not excessive.

Upon the whole case, the record contains no error prejudicial to the substantial rights of the defendant.

*Exceptions overruled.*
*Motion overruled.*