ALICE CONROY *vs.* FERGUS REID.

ANGELINE LEE *vs.* FERGUS REID.

ANGELINE LEE, EXECUTRIX *vs.* FERGUS REID.

York.　　Opinion, September 6, 1933.

*Bradley, Linnell & Jones*, for plaintiffs.
*Willard & Willard*,
*William B. Mahoney*,
*John B. Thomes*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.   These general motions by the plaintiffs involve only the adequacy of the damages assessed by the jury. The other grounds for new trials, which were originally assigned, have been abandoned. The defendant did not file cross motions.

On August 6, 1932, Alice Conroy and Angeline Lee and the latter's intestate, Albert Morrisette, were injured when the automobile in which they were riding as passengers collided with a Lincoln touring car driven by the defendant. In each of these actions to recover the damages resulting from the collision, the plaintiff has a verdict.

There is very little, if any, conflict in the evidence as to the injuries which Mrs. Conroy received. Her attending physician states that, when she was brought to the hospital, she had jagged lacerations of the forehead and scalp, was black and blue about the face and bruised there and on the chest, elbows, and at the region of the spine at the shoulder level. He describes the cut on her face as extending perpendicularly down across the forehead and laterally across the eyebrow, making an open wound exposing the skull, and states that, after a period of unconsciousness resulting from a condition of concussion of the brain, Mrs. Conroy suffered much pain, including severe headaches. At the end of a week, she left the

hospital although her wounds had not then fully healed. She was partially disabled for several weeks and was examined by several physicians but does not appear to have required further major medical treatment. At the trial, she bore the scar of the cut down across her forehead, and complained that her head bothered her and she had no feeling in it. Although she had been previously employed and had earned rather substantial wages, she was not working at the time she was injured and shows no loss of earnings. She was awarded $627.84 as damages.

Counsel for this plaintiff presented evidence which tended to show that, as a result of this collision, she had incurred expenses aggregating $170. Although no stipulation was made, the amount and propriety of these charges were not disputed at the trial and, in effect, are admitted to be correct on the brief. In addition to these disbursements, she is entitled to recover for the pain and suffering which resulted from her injuries. The scar upon her forehead is a physical disfigurement which, along with the mental chagrin, mortification, and discomfort she endures now and in the future as a direct and natural consequence of it, is an element of damage for which she is entitled to recover. *Coombs* v. *King*, 107 Me., 376, 78 A., 468. The record is left to read that this plaintiff is a woman a little past middle age and of normal sensibilities. If the jury allowed the claim of $170 for expenses, and no reason appears in the evidence for a smaller award, they gave this plaintiff $457.84 for her pain and suffering, an amount which obviously bears no rational relation to her injuries or their results and is manifestly inadequate. We are convinced that this verdict was either the result of an unlawful compromise or a finding of the quotient of a "chalk," as it is called, or of prejudice.

Apparently, the same course was pursued in the action brought by Angeline Lee as an individual. She sustained a fracture of the right radius close to and leading into the wrist joint, although there was no displacement and a reduction of the fracture was unnecessary. She was bruised in the region of the lower ribs in front and there was a black and blue spot in the middle of her back. She was in the hospital six days and required more or less treatment thereafter. Her family physician testifies that her injuries were

painful and caused a weakness of her right hand, arm, and fore-arm. He attributes an existing mental depression and nervousness to the accident and expresses the opinion that months would elapse before she would regain the normal use of her right hand and arm and be able to perform manual labor. At the time of the trial, he found subjective symptoms of pain in her shoulder and back. This plaintiff also showed an impairment of her earning capacity. She was the proprietor of a dining room in Holyoke, Massachusetts, and, in operating it, did her own cooking and kitchen serving. Although other ailments had caused Mrs. Lee to temporarily close the dining room, the evidence indicates that she had recovered from them and it was the results of this accident which prevented a re-opening. There is a sound basis in the evidence for a finding that her loss of earnings from this source was and would be substantial. Her verdict was for $500. She showed payments to the hospital and her physicians, together with other incidental expenses, amounting to $115.50, which, on this record, should have been allowed. Assuming that they were, she was given $384.50 for her pain and suffering and loss of earnings, which is a grossly inadequate compensation and undoubtedly a chance computation. The situation is not changed by the fact that the verdict was for a lump sum. Unless there was an unwarranted reduction in the allowance for expenses, the balance of the award was as just stated. We can find no method of allocation or computation which will justify this verdict.

Albert Morrisette died as a result of this accident. His neck was broken and his body paralyzed, and yet he remained conscious and rational and lived seven days. His pain was intense, except as he was relieved by the administration of morphine, and more than once he asked that he be given something to end his misery. He knew he was going to die and made his will. The proof is abundant that, until he lapsed into final unconsciousness just prior to death, he was subject to intermittent periods of great mental and physical agony. He was a middle-aged bachelor, employed as a telegraph operator, and, except as he suffered from arthritis, appears to have been generally in good health. The verdict given his administratrix was $1,200, of which we must assume $463.94 was for

expenses clearly proved to have been incurred on his account. On this basis, the compensation given for his conscious pain and suffering was $736.06. This verdict was rendered at the same time and in the course of the same deliberation which brought from the jury room the verdicts which we have already considered, and we are firmly of the opinion that it resulted from similar unwarranted and unjust methods of computation. Another jury should be given the facts in this case and just compensation should be awarded.

We are fully aware that, as a general rule, in the trial of civil cases the assessment of damages is for the jury and the parties are entitled to their judgment upon that issue. When it appears, however, that the jury have disregarded the testimony or acted under some bias, prejudice, or improper influence, with the result that the damages awarded are either excessive or inadequate, then it is the duty of the Court to set aside the verdict. This Court has long held that, when the smallness of a verdict shows that the jury may have made a compromise, a new trial will be granted. *Leavitt* v. *Dow*, 105 Me., 50, 72 A., 735. See also *Whitney* v. *Milwaukee*, 65 Wis., 409, 27 N. W., 39. From the record brought forward, justice would fail if the verdicts rendered were allowed to stand. In each case the entry is

*Motion sustained.*
*New trial granted.*