464

COSGROVE*

*vs.*

FOGG ET AL.

York.   Opinion, July 18, 1947.

*Joseph E. Harvey,* for plaintiff.

*Wilfred A. Hay,*
*Titcomb and Siddall,* for defendants.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ. MANSER, A. R. J.

MURCHIE, J.   The plaintiff brings this case forward on a general motion for new trial wherein the only allegation relied on is that the damages awarded by the jury are inadequate. That this furnishes ground for the relief sought in this jurisdiction is well established when a jury has been influenced by passion, bias or prejudice, or has disregarded evidence. *Leavitt* v. *Dow,* 105 Me. 50, 72 A. 735, 134 Am. St. Rep. 534, 17 Ann. Cas. 1072; *Conroy* v. *Reid,* 132 Me. 162, 168 A. 215. The principle is recognized in other jurisdic-

---

* The opinion herewith, *Cosgrove* v. *Fogg,* dated July 1947, was inadvertently omitted from a prior publication and is herewith published at the special request of the Chief Justice.

tions. See *Benton* v. *Collins*, 125 N. C. 83, 34 S. E. 242, 47 L. R. A. 33; 39 Am. Jur. 153, Par. 147 and the cases cited to that text and in the annotations following the *Leavitt* case as reported in Annotated Cases and the *Benton* case as reported in L. R. A.; also *DeFreitas* v. *Nunes*, 130 Ill. App. 195 and *Harris* v. *Scher*, 63 Misc. 288, 116 N. Y. S. 722, 723. In the latter case language declaring the verdict "inconsistent with any fair deduction from the evidence" seems in accord with the theory that the amount awarded showed a disregard of the testimony presented. In *Sundgren* v. *Stevens*, 86 Kan. 154, 119 P. 322, 39 L. R. A., N. S., 487, there is a considerable review of cases dealing with the subject matter. In that case a new trial was granted (two justices dissenting) on grounds substantially identical with those recognized in this court.

The present action is trespass, *quare clausum*. Plaintiff's ownership and right of possession to the premises in question are undoubted, as is the entry of one of the defendants thereon. The property entered was a lawn in the process of construction. The land was soft and somewhat boggy. The plaintiff had employed a contractor to grade it and on the day of the trespass had expended $644 in preliminary work during which a considerable amount of loam had been accumulated on it in piles or windrows for spreading and grading. Plaintiff's contractor testified that the loam on hand would have been sufficient to bring the lawn to its intended grade if the trespass had not been committed.

The defendants are an employer and his employee. The latter was sent upon plaintiff's property by the former with instructions to spread the assembled loam to some extent with a heavy bulldozer. The defense offered is that the entry was made on the invitation of plaintiff's husband, who was undoubtedly her agent. The testimony shows that the defendant employer had some conversation with a neighbor of plaintiff which led him to believe that she desired to have

the loam spread by his equipment. Conversation between the defendant employee and plaintiff's husband discloses that the authority of the former to go on the property was questioned before the entry was made and that the husband drove away in an automobile to check with the contractor employed by the plaintiff to build the lawn on whether the weight of the machine would damage it in its then condition. In his absence the bulldozer was driven upon the property and the loam spread.

The only question submitted to the jury was the measure of damages. The testimony of plaintiff's neighbor, whom the defendants claim was authorized to invite their entry, was admitted over objection. The justice before whom the case was tried held it insufficient for the purpose for which it was offered and instructed the jury that its verdict must be for the plaintiff and must award at least nominal damages. An exception taken by the defendants to this instruction was not perfected, but it could not have disturbed the verdict on the issue of liability because the evidence viewed most favorably for the defendants would not have justified a finding that their entry on plaintiff's property was by her invitation. The verdict assessed damages at one dollar under instruction that the plaintiff was entitled to recover the reasonable cost of restoring her premises to the condition existing at the time of the trespass.

The plaintiff's claim is that her reasonable cost was $439.50, occasioned by the fact that the weight of the bulldozer compressed the loose soil to an extent that required a great amount of additional material to bring her property to its intended grade. The defendants hauled approximately 36 cubic yards of loam, the quality of which is in dispute, onto the property after the entry without charge. The plaintiff procured more at a cash outlay of upwards of $200. There was an undoubted extra cost in the work of spreading the material. Plaintiff's contractor estimated this at ten days or $160.

On the facts it is impossible to find a sound basis for the jury verdict. The defendants argue that the loam delivered on plaintiff's property after the trespass restored it to the condition prior thereto and that the jury must have.so decided. Alternative possibilities are that the jurors considered the contractor's estimate that the loam on hand when the trespass was committed would have raised the grade to the intended level inaccurate, or that a lawn with a hard-packed base was worth the increased cost by comparison with what the plaintiff would have had if the work had been completed according to plan. If the explanation of the verdict lies in the factual decision defendants assume, it is not justified by the evidence; if it lies in the first alternative, there is no evidence to support it; if in the latter, it constitutes no answer in law.

The plaintiff is entitled to recover whatever damage she suffered by reason of the defendants' unlawful entry on her premises. Out-of-pocket cost constitutes damage. The measure should be determined by a jury. There is no warrant in this case, as there was in *Leavitt* v. *Dow, supra,* for believing the jury may have been influenced by prejudice. There is nothing in the record to suggest passion or bias, but it is as apparent on the present facts as it was in the *Leavitt* case and in *Conroy* v. *Reid, supra,* that evidence was disregarded. On the facts the evidence is "essentially equivalent," as was said in the *Leavitt* case, to a finding for the defendants, and must be set aside, so far as it provides a measure of damages.

The liability of the defendants is undoubted. Notwithstanding the admission of the evidence on which the defendants rely to establish the entry as lawful, over objection, the jury was instructed correctly that they must be considered trespassers. A new assessment of damages should be made by a jury having no evidence of justification for the entry to complicate the real issue. *McKay* v. *New England Dredging Co.,* 93 Me. 201, 44 A. 614. The practice of ordering a lim-

ited new trial is well established in the New England states and is recognized in the United States Circuit Court of Appeals for the First Circuit. See *Gasoline Products Co., Inc. v. Champlin Refining Co.*, 283 U. S. 494, 51 S. Ct. 513, 75 L. Ed. 1188, and cases therein cited. In the *McKay* case the verdict under review was the second awarded against the defendant in the particular process, but the principle is applicable to a first trial of the issue. *Plante* v. *Canadian National Railways et al.*, 138 Me. 215, 23 A. (2nd) 814.

> *Motion sustained as to damages.*
>
> *Verdict set aside.*
>
> *New trial ordered for the assessment of damages only.*