JARED C. NASH *& al., versus* ERI H. DRISCO.

The construction of a written contract, involving the meaning of words used therein, is not a question of fact, but one of law.

In a contract for the purchase of "timber," the purchaser acquires no title to trees not suitable for any purpose but for firewood.

EXCEPTIONS from the ruling at *Nisi Prius* of DAVIS, J. This was an action of TRESPASS.

*J. A. Milliken,* for the plaintiff.

*B. Bradbury,* for the defendant.

The opinion of the Court was drawn up by

DAVIS, J.—The plaintiffs purchased of the defendant, by a written contract or permit, "the right to cut and haul all the *timber* and bark" on certain premises, "down to as small as ten inches at the stump or but of the trees." Under this the plaintiffs operated, cutting and taking away timber for vessels, and for other purposes. And they also cut trees for firewood, and had it corded up, ready to be hauled away. While the wood was in this condition, the defendant, claiming that the plaintiffs had no right to cut it, took it himself, and appropriated it to his own use. For this, the present action of trespass has been brought.

The presiding Judge, in submitting the case to the jury, remarked, "that the word *timber*, in its etymological sense, might embrace nothing but materials for building or manufacturing purposes;" but that "the signification of the word was a question of fact for the jury to determine." The verdict was for the plaintiffs, and the defendant excepted to the instructions.

The signification given to the word "timber," by the Court, was correct. The words from which it was derived, and incorporated into the English language, all relate to the *erection* or *construction* of buildings or chattels. Webster defines it as "that sort of wood which is proper for build-

ings, or for tools, utensils, furniture, carriages, fences, ships, and the like."

Firewood, or what is sometimes called "cordwood," cannot properly be said to be constructed or manufactured. The materials of which it is composed are not called *timber*, though timber might be used for that purpose. In a contract for the purchase of "timber," the purchaser acquires no title to trees not suitable for any purpose but for firewood.

The construction of a written contract, involving the meaning of the words used therein, is not a question of fact, but one of law. The submission of it to the jury was therefore erroneous.

If there had been any evidence in the case of any local or special signification, which the parties might be presumed to have adopted, the question might properly have been submitted to the jury. But there was no such evidence.

Or if the jury had determined the question correctly, a new trial would not be granted in consequence of its having been submitted to them. But, in the case at bar, the jury must have given to the word an erroneous meaning. The exceptions are therefore sustained, and a new trial is granted.

APPLETON, C. J., CUTTING, WALTON and BARROWS, JJ., concurred.