AGNES S. CHAPMAN *vs.* PORTLAND COUNTRY CLUB.

ARTHUR CHAPMAN *vs.* PORTLAND COUNTRY CLUB.

Cumberland.      Opinion, July 12, 1940.

*Forrest E. Richardson,*
*Richard S. Chapman,* for plaintiffs.
*Verrill, Hale, Dana & Walker,* for defendant.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

WORSTER, J.    On motions for new trials. These two actions were tried together.

In the case of *Agnes S. Chapman* v. *Portland Country Club,* the plaintiff seeks to recover damages for personal injuries sustained by her on account of the alleged negligence of the defendant.

In the case of Arthur Chapman against the same defendant, the plaintiff seeks to recover, as husband of said Agnes S. Chapman, for expenses incurred and which may be incurred by him in the future, for medical and nursing services for his wife, and for damages suffered by him for his loss of her services and consortium, as a result of such injuries received by her.

The jury returned a verdict for each plaintiff; thereupon the defendant filed motions for new trials on the usual grounds, exclusive

of any claims that the damages were excessive; and the plaintiff in each case filed a motion for a new trial on the ground that the damages awarded were inadequate.

In a jury-tried negligence case, it is the duty of the jury, under proper instructions from the court, to determine, from the evidence, whether or not the defendant is liable, and if it finds against him, then to assess damages for the plaintiff. In such a case, each litigant is, of right, entitled to a verdict representing the actual judgment of the jury, uninfluenced by bias, accident or mistake.

But the damages awarded in the instant cases are so excessively inadequate as to plainly indicate that the jury may have made a compromise.

And it is well settled in this state, whatever may be the law elsewhere, that:

"... when the smallness of a verdict shows that the jury may have made a compromise, a new trial will be granted." *Conroy* v. *Reid*, 132 Me., 162, at 166, 168 A., 215.

Here we are unable to say whether the jury compromised as to the defendant's liability, or as to the amount of damages awarded, or both; and so the verdicts must be considered invalid as a whole. And since the verdicts are wholly invalid, the contentions of the plaintiffs that the cases be sent back for new trials on the question of damages only, cannot be sustained.

Therefore, without considering the merits of the cases, the mandates are:

In the case of *Agnes S. Chapman* v. *Portland Country Club*,

> *Plaintiff's motion sustained.*
> *Defendant's motion sustained.*
> *New trial granted.*

In the case of *Arthur Chapman* v. *Portland Country Club*,

> *Plaintiff's motion sustained.*
> *Defendant's motion sustained.*
> *New trial granted.*