HENRY T. WINTERS
*vs.*
JAMES L. SMITH

Kennebec.   Opinion, November 3, 1952.

*Niehoff & Niehoff,* for plaintiff.

*Joly & Marden,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

FELLOWS, J.   After verdict for the plaintiff in the Superior Court for Kennebec County for the sum of $45.00, this case comes to the Law Court on motion by the plaintiff for a new trial, on the ground that the damages are inadequate.

The case is this:  Henry T. Winters, the plaintiff, installed for the defendant, James L. Smith, a bathroom, with fixtures, toilet, and septic tank, and all piping and connections for running water and sewage.   The total amount of the

plaintiff's account for labor done and materials furnished was $392.57. The defendant made payments at various times on this account in the total sum of $318.14, for which he was given credit, leaving a claimed balance due the plaintiff of $74.43 with additional charges for interest. The work was not satisfactory to the defendant. There was testimony indicating poor workmanship. Among other complaints, when the toilet was flushed a quantity of water, with an unpleasant odor, came into the basement. The defendant says that there was a three-quarter inch space between the toilet bowl and the base pipe. The plaintiff sent his son to rectify this, but the defendant says he was not satisfied because the plaintiff's son installed a metal ring on the pipe and there continued to be an improper connection, clogging, and odor. The defendant says he made payments to the plaintiff in the admitted sum of $318.14 and that he only withheld an amount that he (defendant) considered sufficient to repair the plaintiff's defective work. This suit was brought by the plaintiff to recover the claimed balance of $74.43 so withheld, plus interest.

The evidence introduced by the plaintiff consisted only of the plaintiff's affidavit filed under the provisions of Revised Statutes 1944, Chapter 100, Section 132 that "the account on which the action is brought * * * is a true statement of the indebtedness * * * and that the prices and items charged therein are just and reasonable." The general issue was the plea. The defendant introduced testimony, without objection, that the plaintiff through his agent and servant, did not do a workmanlike job, and the question presented by the court to the jury was whether the prices charged by the plaintiff in his account annexed were reasonable or not under all the circumstances. The jury verdict was $45.00 as the balance due, and the plaintiff now moves for a new trial because he says the amount of the verdict was inadequate.

A verdict will be set aside and a new trial granted on the ground of inadequate damages only when it clearly appears that the jury either disregarded the evidence, or acted from bias, passion or prejudice, or when the smallness of a verdict shows that the jury may have made a compromise. *Conroy* v. *Reid*, 132 Me. 162, 168 Atl. 215; *Chapman* v. *Portland Country Club*, 137 Me. 10. A compromise verdict must be "essentially equivalent to a verdict for the defendant." *Leavitt* v. *Dow*, 105 Me. 50, 72 Atl. 735.

The affidavit authorized by R. S., 1944, Chap. 100, Sec. 132 makes out a prima facie case only. It raises a presumption of fact, and entitles the plaintiff to judgment, if no other evidence of facts and circumstances rebuts or shows to the contrary. *Mugerdichian* v. *Goudalion*, 134 Me. 290; *Mansfield* v. *Gushee*, 120 Me. 333.

We have examined the record with care, and although the court might, in the first instance, have arrived at a different amount had it been authorized to find the facts, yet it cannot now say that the verdict is clearly wrong. The $45.00 verdict was small but the balance claimed due on this long $392.00 account was only $74.43. The evidence does not fix the date of demand, if in fact formal demand was made, from which to reckon interest. Under the specific directions of the presiding justice, as appears in his charge printed in the record, the questions of the amount due, with the amount of interest, were left entirely to the judgment of the jury, and no exceptions were taken to the charge. The amount of the verdict in comparison to the claimed balance is not so disproportionate as to show a compromise. The testimony introduced by the defendant without objection, if believed, shows that some of the items charged in the long account annexed to the writ may have been excessive under the circumstances. The fact that there was an affidavit filed in this case does not compel a jury to accept as truth that any or all the charges for labor or materials are

correct. The jury had the right to determine, under all the circumstances, whether the prices charged were "just and reasonable" and whether the affidavit was correct when it stated that the account is "a true statement of the indebtedness."

*Motion overruled.*