**Charles R. WOOTEN, d/b/a the Louisa Supply Company, et al., Appellants,**

v.

**Betty COMPTON, Appellee.**

Court of Appeals of Kentucky.

March 20, 1959.

C. F. See, Jr., Louisa, for appellants.

Eldred E. Adams, Louisa, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment for $6,000 for personal injuries sustained

in an automobile accident. A question as to the instructions is raised but may not be considered since no specific ground of objection was stated to the trial court as required by CR 51. The contention of excessive damages must be disregarded also since that was not submitted as a ground for a new trial. Clay, CR 59.06, p. 526; Commonwealth Dept. of Highways v. Williams, Ky., 317 S.W.2d 482. We are concerned only with the question of the sufficiency of the evidence to authorize submission of the case to the jury.

The accident occurred on April 23, 1957, on U. S. Highway No. 23 about a mile south of Louisa. The plaintiff, now appellee, Betty Compton, as a rural mail carrier, was driving a jeep with an enclosed body. In the rear window was a small metal sign in four lines reading, "Watch for—Stop—U. S. Mail—Carrier." The plaintiff had stopped at a mail box about 500 feet north of a nineteen foot bridge and was slowly driving south with the intention of turning to the left on an intersecting road about ten feet south of the bridge. A tractor-trailer truck owned by Charles R. Wooten, d/b/a the Louisa Supply Company and being driven by James Hall, followed the jeep. The plaintiff had seen the truck through the rear view mirror very close behind her. She testified with positiveness that she began holding out her hand through a window opening, signaling her purpose of turning to the left, about a highway sign which was located 250 feet from the intersecting road. She realized the truck was close behind her but assumed it was under control and would not run into her car. Just as she started to turn, the truck struck the left rear of the jeep and knocked it off the road. It was knocked and rolled about eighty feet and turned over.

The driver of a car immediately following the truck testified that as it neared the bridge it picked up speed and bore to the left as if it was going to pass the jeep. The plaintiff also proved the truck driver said immediately after the accident that he had seen her signal, but he couldn't stop in time to avoid the collision; also, that he had started to pass the jeep, and she cut over in front of him. However, the driver denied making those statements.

The tractor-trailer was 35 feet long and weighed 42,000 pounds with its load. The driver testified that when the plaintiff had pulled out from the mail box, he drove fifteen or twenty feet behind her. The jeep was not going over fifteen mph, and he pulled out to pass but dropped back, intending to pass when the jeep had cleared the bridge, and that the plaintiff pulled over in front of him. He was positive the plaintiff gave no signal of an intention to turn. He had not sounded his horn because there was no reason to do so. He had done what he could to avoid the collision and lost control of his truck when he hit the jeep. He ran off the road also.

■ While the record does not show there was any sign of a "No Passing" zone at the place, yet, there was a nineteen foot bridge over a stream and a road coming in from the right 300 or 400 feet north of the bridge and another road coming in from the left only ten feet south of the bridge. KRS 189.340(4) (b) forbids an automobile driver from traveling upon the left side of a highway when approaching within 100 feet of a bridge or within 100 feet of an intersection. The evidence affords the reasonable conclusion that the heavy truck was running entirely too close to the jeep for safety, in violation of KRS 189.340(7), and that it was attempting to pass another car without blowing the horn after receiving a signal that it was about to turn to the left, which violates KRS 189.340(1). The instruction submitted these conditions as well as a breach of the general duty to exercise ordinary care and of specific duties of lookout, reasonable control and speed.

■ The appellants contend the plaintiff was negligent as a matter of law because she violated KRS 189.300, which

requires the operator of a car moving slowly to keep his vehicle as closely as practicable to the right-hand boundary of the highway to allow more swiftly moving cars reasonably free passage to the left. Obviously, this was never intended to forbid a car on a two-lane highway from turning off to the left. Other cases relied upon by the appellants are cases where the parties turned off without signalling or drove in front of cars having the superior right of way. The instruction as to the plaintiff's duties was that which was submitted by the defendants and seems to have been appropriate to the issues. There was abundant evidence upon which to submit the case to the jury and to sustain the verdict.

Judgment affirmed.