**Oletta D. DUTTON, Sarah Meece, and LaDonna Woodward, Appellants,**

**v.**

**Melvin G. PEACOCK, Appellee.**

Court of Appeals of Kentucky.

Feb. 23, 1968.

Harry L. Hargadon, Hargadon, Hargadon, Lenihan & Horbolt, Louisville, for appellants.

Moloney & Moloney, Lexington, for appellee.

CULLEN, Commissioner.

Appellants Oletta Dutton, Sarah Meece and LaDonna Woodward sustained injuries when the automobile in which they were riding on a street in Lexington was struck from behind by the automobile of the appellee Melvin Peacock. In the appellants' suit for damages against Peacock the jury gave Oletta $1,849.30, LaDonna $864.06 and Sarah $135.00. Judgment was entered accordingly. This appeal indicates the appellants' dissatisfaction with the amounts of their recoveries.

■ The appellants' main contention is that the damages awarded them were grossand inadequate and therefore they are entitled to a new trial. The trouble is that they did not ask the trial court for a new trial. Not having raised the question of inadequacy in the trial court, by a motion there for a new trial, the appellants cannot raise the question on appeal. East Kentucky Rural Electric Co-op Corp. v. Price, Ky., 398 S.W.2d 705; Wooten v. Compton, Ky., 322 S.W.2d 473; Bourland v. Mitchell, Ky., 335 S.W.2d 567; Commonwealth, Dept. of Highways v. Williams, Ky., 317 S.W.2d 482; Clay, CR 59.06.

■ The only other contention of the appellants relates to an alleged error of the trial court in refusing to permit the appellants (plaintiffs), during the presentation of their case, to read to the jury the deposition of the doctor who had examined the plaintiffs on behalf of the defendant (appellee). The plaintiffs had presented the testimony of their own doctor and desired to read the deposition of the defendant's doctor (who was not present in court). The defendant objected and stated that he would read that doctor's deposition in the presentation of the case for the defense. The trial judge ruled that the plaintiffs could not read the deposition as part of their case but could read it later if the defendant failed to read it during the presentation of the defense (the defendant did so read it). The plaintiffs' counsel then voiced the objection that the ruling was "denying me the right to present my case the way I had planned."

The appellants argue that they had an absolute right to read the deposition by virtue of the provision of CR 26.04(3) that a deposition may be "used by any party for any purpose". Conceding for the purpose of argument that appellants did have such a right, we find that they do not suggest any respect in which they were prejudiced other than in "the right to present my case the way I had planned." This seems to relate only to a matter of trial strategy, or perhaps even a trial stratagem. We find no prejudice of a substantial right.

The judgment is affirmed.

All concur.