Samuel J. MANDARELLI

v.

Philip M. McGOVERN.

Supreme Judicial Court of Maine.

Nov. 9, 1978.

534

Wilson, Steinfeld, Murrell, Barton & Lane, Thomas P. Wilson (orally), Henry Steinfeld, Portland, for plaintiff.

Norman & Hanson by David C. Norman (orally), Portland, for defendant.

Before WERNICK, ARCHIBALD, DE-LAHANTY and GODFREY, JJ., and DU-FRESNE, A. R. J.

DUFRESNE, Active Retired Justice.[1]

Samuel J. Mandarelli, the plaintiff-appellant, was injured as a result of a rear-end collision on August 7, 1966. Sued in the Superior Court, Cumberland County, for damages in the amount of $100,000.00 by complaint filed August 3, 1972, the defendant-appellee, Philip M. McGovern, conceded liability for the accident, but contested the case on the issue of damages. Upon trial in May, 1976, the jury returned a verdict in the amount of $10,000.00. Mandarelli appeals from the judgment entered thereon. We deny the appeal.

The appellant's sole contention on appeal is that the jury award is inadequate. We note, however, that this issue of the inadequacy of the damages was not raised at the trial level, but is advanced for the first time in this appeal.

■ Prior to the adoption of our present rules of civil procedure, the reference issue could be presented directly to the Law Court on general motion for new trial. See *Bergeron v. Allard,* 152 Me. 297, 128 A.2d 848 (1957)—tort action; *Winters v. Smith,* 148 Me. 273, 91 A.2d 920 (1952)—contract

---

1. Mr. Justice Dufresne sat at oral argument and participated in consultation while he was Chief Justice, and, on order of his successor, Mr. Chief Justice McKusick, was empowered and authorized to continue his participation in the case in his capacity of Active Retired Justice.

action. But in Rule 1 of the Maine Rules of Civil Procedure, effective December 1, 1959, it was provided in pertinent part that "[t]hese rules govern the procedure in the Superior Court . . . . in all suits of a civil nature whether cognizable as cases at law or in equity, . . . . also govern the procedure in the Supreme Judicial Court when sitting as a Law Court. They shall be construed to secure the just, speedy and inexpensive determination of every action." In the spirit of such a declaration of overall purpose "to secure the just, speedy and inexpensive determination of every action," the duplicative procedural remedial relief under the former practice of presenting a motion for new trial either to the trial justice or the Law Court, or both, at the option of the litigant, was substituted for the exclusive intervention of the justice before whom an action has been tried who, as specifically provided by Rule 59(a), M.R. Civ.P.,

"may on motion grant a new trial to all or any of the parties and on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law or in suits in equity in the courts of this state."

Furthermore, the Rule invests the trial justice with extensive powers in relation thereto in that it provides:

"A new trial shall not be granted solely on the ground that the damages are excessive until the prevailing party has first been given an opportunity to remit such portion thereof as the court judges to be excessive. A new trial shall not be granted solely on the ground that the damages are inadequate until the defendant has first been given an opportunity to accept an addition to the verdict of such amount as the court judges to be reasonable. . . . " Rule 59(a), M.R.Civ.P.

Also, the Rule empowers the trial justice to grant a new trial on his own:

"Not later than 10 days after entry of judgment the justice before whom the action has been tried *of his own initiative* may order a new trial for any reason for which he might have granted a new trial

on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case the court shall specify in the order the grounds therefor." (Emphasis supplied) Rule 59(d).

By providing in Rule 73(a), M.R.Civ.P., that

"[a]n appeal from a judgment, whenever taken, preserves for review any claim of error in any of the orders specified in the preceding sentence, even if entered on a motion filed after the notice of appeal [such as, e. g. an order denying a motion for a new trial under Rule 59],"

it is obvious that it was the intent of the drafters of the rules that all motions for a new trial, whatever may be the reason, including inadequacy of damages, be first presented to, and acted upon by, the justice before whom the action was tried as a condition precedent to appellate review. See Reporter's Notes, Maine Civil Practice, 2nd Ed., Vol. 2, Field, McKusick and Wroth, page 54.

■ The policy reasons underlying the requirement that a motion for new trial be submitted to the trial justice for decision in the first instance and not be presented for the first time to the appellate court, especially respecting the issue of excessiveness or inadequacy of damages, is that the justice before whom an action has been tried is in a far better position than an appellate court to know whether in the light of his observations at the trial the damages awarded by the jury were so wholly inconsistent with the proof as to reflect some bias, prejudice or improper influence on the part of the jury or to support the conclusion that the verdict was the result of some mistake of fact or law on their part. *Heacock v. Town*, 419 P.2d 622 (Alaska 1966). Another reason is that preliminary involvement of the presiding justice with the question of the grant or denial of a new trial may save the litigants time and expense in light of the trial justice's power to condition favorable action upon the acceptance by the

party adversely affected of either a remittitur or an additur. Furthermore, the prerequisite first challenge in the trial court of a damage award for inadequacy or excessiveness tends to eliminate from the appellate court an unnecessary burden with issues which can and should be resolved at the trial level. See *Schroeder v. Auto Driveaway Company,* 11 Cal.3d 908, 114 Cal. Rptr. 622, 523 P.2d 662 (1974).

■ This Court, in *Chenell v. Westbrook College,* Me., 324 A.2d 735 (1974), did state that ordinarily a new trial may not be granted on the ground of inadequacy of damages until the defendant has first been given an opportunity to accept an additur of such amount as the trial court deems to be reasonable. The reasonableness of such additur, or remittitur in the case of a claim of excessive damages, may be better resolved by the justice who presided at the trial than by an appellate court restricted to the ofttime lifeless pages of a record.

■ We hold that, in line with the mandatory directive to seek the just, speedy and inexpensive determination of every action as provided in Rule 1 of the Maine Rules of Civil Procedure, we must construe Rule 59 relating to the grant of a new trial in the trial court as the exclusive procedural device for such remedial relief, save for exceptional circumstances meeting the "manifest error-serious injustice" standard.

■ Such a holding is nothing new. It is but the application of a well-settled rule of sound appellate practice of long standing with this Court. The general rule governing proper appellate procedure is that a party who seeks to raise an issue for the first time at the appellate level in his appeal from a judgment entered in the trial court will be denied appellate review, because of his failure to submit the question for decision at the trial level. *National Advertising Company v. Inhabitants of Town of York,* Me., 345 A.2d 512 (1975); *Walsh v. City of Brewer,* Me., 315 A.2d 200 (1974); *Reville v. Reville,* Me., 289 A.2d 695 (1972); *Younie v. State,* Me., 281 A.2d 446 (1971); *Frost v. Lucey,* Me., 231 A.2d 441 (1967).

It is true that, after giving recognition to Rule 59, M.R.Civ.P., which required all motions for a new trial to be addressed to the trial court, this Court, in *MacLean v. Jack,* 160 Me. 93, 198 A.2d 1 (1964), a case involving the issue of the inadequacy of damages, did pass on the merits of the issue, even though it would seem no motion for a new trial was presented to the trial court in relation thereto. It may be that the court viewed in the reference case an "exceptional circumstance" for the reason that the issue of excessiveness or inadequacy of damages was before the Court for the first time since the appellate practice had been changed by new rules of civil procedure. In *Younie v. State,* supra, at page 448, footnote 4, we similarly explained the deviation from the general rule as appears in *Grass v. State,* Me., 263 A.2d 63 (1970).

The authorities are unanimous. Absent a ruling by the justice before whom the case was tried upon a motion for a new trial based on the alleged claim of inadequacy or excessiveness of damages, any such issue cannot be raised for the first time on appeal, and, if so tendered, will be denied appellate review, except possibly in the "manifest error-serious injustice" context. See *Schroeder v. Auto Driveaway Company,* supra; *O'Leary v. Watson,* 263 So.2d 643 (Fla.App.1972); *Schrib v. Seidenberg,* 80 N.M. 573, 458 P.2d 825 (1969); *Baker v. Dillon,* 389 F.2d 57 (5th Cir. 1968); *Dutton v. Peacock,* 424 S.W.2d 812 (Ky.1968); *Heacock v. Town,* supra; *Fallaw v. Flowers,* 274 Ala. 151, 146 So.2d 306 (1962); *Davis v. Jermstad,* 350 Mich. 439, 86 N.W.2d 316 (1957); *Lovett Motor Co. v. Walley,* 217 Miss. 384, 64 So.2d 370 (1953); *Hughes v. Bandy,* 404 Ill. 74, 87 N.E.2d 855 (1949).

■ A review of the record readily disproves a "manifest error-serious injustice" case. The evidence presented several questionable features which it was the duty of the jury to resolve. Credibility of the plaintiff as to the extent of the injuries proximately caused by the accident was definitely at issue. Symptoms of back trouble prior to the accident confirmed by medical evi-

dence, no hospital confinement following the accident, extended periods between treatments for his back, the suspicious proof of loss due to the hiring of a supervisor in the person of his brother, "unskilled for any trade" in the plaintiff's own estimate, at the rate of $225 per week for a total alleged disbursement of $1575.00, may have served to discredit the plaintiff's case respecting the cause and effect relationship between the plaintiff's stated disabling condition and the accident. We cannot conclude that the jury's award for pain and suffering of little more than $5000.00, over and above the stipulated loss for automobile damage and medical expense, is shockingly low or indicative of jury action under some bias, prejudice or improper influence.

Therefore, the entry will be.

Appeal denied.

Judgment affirmed.

POMEROY, J., did not sit.