**CENTURY HOMES, INC.**

v.

**Lawrence F. PLAISTED et al.**

Supreme Judicial Court of Maine.

March 21, 1980.

Mitchell & Stearns by John A. Woodcock, Jr. (orally), Michael S. Haenn, Bangor, for plaintiff.

Vafiades, Brountas & Kominsky by Charles E. Gilbert, III (orally), Lewis Vafiades, Twitchell, Gray, Linscott & Badger, P.A. by Frederick J. Badger, Jr., Bangor, for defendants.

Before McKUSICK, C. J., and GODFREY, NICHOLS and GLASSMAN, JJ.

McKUSICK, Chief Justice.

On September 27, 1977, the parties hereto entered into a contract prepared by plaintiff for its construction of a new house for the Plaisteds. The contract provided, "All materials to be used are to be limited to materials provided by Northern Products, Inc. [plaintiff's sister corporation] in their Contract with the Owners and dated [August 30, 1977]."[1] This September 27 "construction contract" also contained the following cost provision:

3. *Contract sum.* The Owners agree to pay on the following basis: The total sum of $45,846.00.

1. Material costs due as materials are delivered and billed.

Although the August 30 materials contract had listed a sales tax of $1,512.00 separately from the stated base price of the materials, the September 27 contract made no specific reference to sales tax or to the stated base price of the materials.

A dispute arose between the parties as to the total amount owed by defendants on the September 27 contract, and this action ensued. Plaintiff claimed that defendants owed the sales tax on materials in the amount of $1,572.00 over and above "[t]he total sum of $45,846" specified in the construction contract; defendants counterclaimed for alleged faulty construction.

---

1. By error the September 27 contract gave the date of the materials contract as September 27; the parties have stipulated that the date of August 30, 1977, be substituted and the contract so reformed.

During a jury trial held in Superior Court (Penobscot County), the presiding justice excluded any reference to the August 30, 1977, contract, basing his decision on the parol evidence rule. The jury returned a verdict of $1,300 for defendants. On plaintiff's appeal we affirm the Superior Court's judgment for defendants entered on that verdict.

■■■ The September contract is clear and unambiguous, especially as to the total contract price for the house to be built by plaintiff. Its interpretation was therefore for the court:

> The construction of an unambiguous written contract is a question of law for the Court. *Blue Rock Industries v. Raymond International, Inc.*, Me., 325 A.2d 66 (1974); *Harmon v. Roessel*, 153 Me. 296, 137 A.2d 374 (1957). An agreement, complete in itself, speaks for itself. Its meaning, the promises it makes and the duties or obligations it imposes, are questions of law for the court. *Hoyt v. Tapley*, 121 Me. 239, 116 A. 559 (1922); *Nash v. Drisco*, 51 Me. 417 (1864).

*Zamore v. Whitten*, Me., 395 A.2d 435, 440 (1978). The Superior Court justice correctly ruled that the September 27 construction contract was an integrated and unambiguous one which, under the parol evidence rule, does not permit the admission of extrinsic evidence such as the August 30 materials contract. *See T–M Oil Co., Inc. v. Pasquale*, Me., 388 A.2d 82, 85 (1978). The September contract referred to the August materials contract only for the purpose of identifying the materials to be used in building the house; on that subject there was no dispute between the parties. The September contract made no reference to the August contract for purposes of pricing or to justify the inference sought by plaintiff that the separate statement of the sales tax therein meant that the owners were to pay that tax (though not the base price of the materials) over and above the total sum of $45,846 stated in paragraph 3 of the September contract. To the purchaser, in this case the defendant-owners, the sales tax on the materials is just as much a part of "[m]aterial costs" as the stated base price thereof.

■■■ Plaintiff also argues to this court that even if the parties had agreed in the September contract that the sales tax be included in the total contract sum, there was a subsequent modification thereof by virtue of the fact that the contractor billed the owners for the tax and the owners paid it. However, plaintiff did not make this argument at trial and never requested that the jury be instructed on that alternative theory of recovery. Therefore, plaintiff has not preserved this issue for appeal. *Mandarelli v. McGovern*, Me., 393 A.2d 533, 536 (1978). In any event, the presiding justice would have been required to refuse an instruction on this alternative theory. The record contains no evidence to show that at the time of defendants' payments they were aware either (i) that the contractor was asserting their obligation to pay the sales tax in addition to the contract sum, or (ii) that the total invoiced amount had exceeded the contract sum of $45,846 plus the cost of extras. Nor does the record contain any evidence of any consideration given by defendants for modification of the contract. *See 4–One Box Machine Makers v. Wirebounds Patents Co.*, 131 Me. 70, 78, 159 A. 496, 499 (1932).

The entry must be:

Appeal denied.

Judgment affirmed.

WERNICK and ROBERTS, JJ., did not sit.