**Roy W. BAGLEY**

v.

**Geraldine BAGLEY.**

Supreme Judicial Court of Maine.

Argued May 6, 1980.
Decided June 23, 1980.

---

Nisbet, MacNichol & Ludwig by Francis M. Jackson, III (orally), South Portland, for plaintiff.

Lowry, Platt & Givertz by Thomas P. Downing, Jr. (orally), Phyllis G. Givertz, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

McKUSICK, Chief Justice.

Plaintiff's appeal seeks reversal of the action of the District Court in amending its prior judgment, under M.R.Civ.P. 60(b), in order to correct an omission it found had occurred therein through inadvertence. We find it necessary to decide only a single, straightforward question: Should a court, on principles of *forum non conveniens*, ever decline to entertain a Rule 60(b) motion seeking to correct a judgment previously rendered by it? We answer in the negative and accordingly deny Mr. Bagley's appeal.

On July 18, 1978, the District Court (Portland) entered its divorce judgment, which *inter alia* approved and incorporated by reference the "Settlement Agreement" of the divorcing spouses. That agreement purported to dispose of the parties' marital and nonmarital property.

Less than a year later, on May 21, 1979, defendant wife[1] filed in the same action and in the same court a motion to amend the divorce judgment to impose sole responsibility upon Mr. Bagley to pay marital debts.[2] Mrs. Bagley's supporting affidavit averred that her attorney had inadvertently omitted from the "Settlement Agreement," and as a result the District Court had omitted from the divorce judgment, the husband's commitment that he would hold her harmless from the marital debts. Appearing through counsel, Mr. Bagley urged that Maine was an inconvenient forum to hear the wife's motion, citing the facts that both parties had, subsequent to their divorce, acquired domiciles in Virginia and that a Virginia court had already assumed jurisdiction over proceedings affecting the custody and support of their two minor children. The District Court, acting through a judge different from the one who had directed entry of the divorce judgment, rejected the husband's *forum non conveniens* argument and, after hearing, granted Mrs. Bagley's motion and corrected the judgment to order the husband to pay certain specified marital debts.

On Mr. Bagley's appeal to the Superior Court, the reviewing justice, applying to the circumstances of the case at bar the criteria militating for and against the Maine court's exercising its jurisdiction, as enunciated by *MacLeod v. MacLeod*, Me., 383 A.2d 39 (1978), upheld the District Court's exercise of jurisdiction. Mr. Bagley took a timely appeal to this court.

The Superior Court correctly affirmed the District Court's exercise of jurisdiction to adjudicate Mrs. Bagley's 60(b) motion. However, both of the parties went astray—and led the courts astray—by drawing their battlelines over how the criteria for *forum non conveniens* balanced out when applied to the particular circumstances of that motion. The courts below never needed to get into a *forum non conveniens* analysis; they never should have reached the balancing question. The issue raised by the Rule 60(b) motion, going as it does to the correctness of a judgment at its very inception, must be adjudicated by the same court that issued that judgment. *See Restatement (Second) of Conflict of Laws* § 106 (1971); *Restatement (Second) of Judgments* § 126 (Tent.Draft No. 6, 1979). The wife's motion called directly into question the integrity of the judicial processes by which the judgment of a Maine court had been rendered, and it is inconceivable that the Maine court under any circumstances should step aside to let a court of some other state decide whether the Maine judgment was in error because of inadvertence or any of the other reasons specified in Rule 60(b). Considerations of "justice" and convenience of the parties, *MacLeod v. MacLeod, supra* at 41, can never override a court's abiding concern, and indeed duty, for assuring the original correctness of its own judgments.

In a divorce action such as this, it is easy to confuse a Rule 60(b) motion with those other, different post-judgment motions that are unique to divorce actions; namely, motions for prospective modification of orders concerning alimony or child custody or support on the basis of change of circumstances subsequent to the entry of such orders. The Maine divorce court retains jurisdiction indefinitely to entertain motions to modify such provisions in divorce judgments, *see Ireland v. Galen*, Me., 401

---

1. For convenience in this opinion, the parties, though now divorced, will sometimes be referred to as "the wife" and "the husband."

2. Although the wife denominated her pleading merely as a "Motion to Amend Divorce Judgment Pursuant to Rule 80 M.R.Civ.P.," the allegations of her motion and the relief requested bring it within the provisions of M.R.Civ.P. 60(b)(1), made applicable to the District Court by D.C.Civ.R. 60. The motion was brought within the one year prescribed therefor by Rule 60(b).

A.2d 1002, 1004 (1979); 19 M.R.S.A. §§ 721, 752 (Supp.1979); and furthermore, courts of other states may also acquire jurisdiction to adjudicate in independent actions the same issues involving post-judgment "change of circumstances" that could be raised by motion in the Maine divorce action. *Restatement (Second) of Conflict of Laws* §§ 77, 79, 109 (1971). *See generally* H. Clark, *Law of Domestic Relations* §§ 14.9, 15.2, 17.7 (1968). A motion in the divorce court based on a post-judgment change of circumstances may well serve the same function as might be served by an independent action in a foreign state. Either on such post-judgment motion in the original divorce court or in an independent action in another state the issue of *forum non conveniens* may be appropriately raised. *See In re Marriage of Dunkley*, 89 Wash.2d 777, 575 P.2d 1071 (1978) (original decree rendered in another state; jurisdiction to adjudicate change of custody declined on ground of *forum non conveniens*); *Madsen v. Madsen*, 111 N.H. 315, 282 A.2d 667 (1971) (original decree rendered in forum state; exercise of jurisdiction to modify alimony upheld despite fact that both parties had moved out of state). *See also* 19 M.R.S.A. § 808 (Supp. 1979) (provision of Uniform Child Custody Jurisdiction Act embodying principles of *forum non conveniens*); *Restatement (Second) of Conflict of Laws* § 26, Comment *g* (1971) ("A change in domicil of the parties or other change in circumstances does not destroy jurisdiction, but may lead the court in a reasonable exercise of discretion to refuse to exercise jurisdiction"). That appropriate occasion for applying the doctrine of *forum non conveniens* must, however, be sharply distinguished from the situation presented by a Rule 60(b) motion seeking to correct an error in the divorce judgment as originally entered. On such a motion, the integrity of the court of rendition demands that it adjudicate the claim of defect in its own processes. As a matter of proper judicial administration, that court may not decline to exercise its jurisdiction, once invoked by the 60(b) motion.

▪ When the District Court judge who heard the 60(b) motion found as a fact that counsel through inadvertence had omitted from the "Settlement Agreement" the agreed-upon responsibility of the husband for marital debts, he had completed only part of his job. He was then in the same position as the first judge would have been if he had been presented with a completely correct "Settlement Agreement." To grant the relief requested by the wife's motion the second judge had also to conclude that the overall property settlement, including the husband's sole obligation to pay marital debts, was fair and equitable; he had to find that the net property of the spouses was divided "in such proportions as the court deem[ed] just after considering all relevant factors." 19 M.R.S.A. § 722–A (Supp.1979). *See Grishman v. Grishman*, Me., 407 A.2d 9, 12 (1979). *Cf. Young v. Young*, Me., 329 A.2d 386, 392 (1974) (fairness of alimony provision should be assessed in light of property division.)

▪ Before this court the appellant husband suggests that the second judge granted the wife's 60(b) motion without doing anything more than finding as a fact that the omission from the "Settlement Agreement" incorporated into the divorce judgment had occurred through inadvertence. The husband takes nothing by this belated suggestion. In the first place, nothing in this record establishes that the judge did *not* consider the overall fairness question and resolve it to his satisfaction. In the absence of either party's asserting the contrary at the hearing, the judge could in reviewing the property settlement give considerable weight to the spouses' recitation in their written agreement that they believed its terms "to be fair, just, adequate and reasonable as to each of them." In any event, it is clear that the husband never raised in the District Court, or for that matter on his appeal to the Superior Court, any question concerning the overall fairness of the reformed "Settlement Agreement" that was incorporated into the divorce decree; he questioned only the convenience of the Maine forum for adjudicating the wife's 60(b) motion. The husband is foreclosed from asserting before this appellate court a

contention that he never gave the trial court an opportunity to rule upon expressly. *Mandarelli v. McGovern*, Me., 393 A.2d 533 (1978).

 Mr. Bagley claims that the evidence was insufficient to establish a basis for relief under Rule 60(b). He argues that Mrs. Bagley's affidavit and her lawyer's representations concerning the "Settlement Agreement" were inadmissible, and that without them there was not enough other evidence to satisfy Mrs. Bagley's burden of persuasion on the issue of inadvertence. He complains that live testimony by Mrs. Bagley should have been required because her affidavit was not subject to cross-examination. We reject those contentions. The obvious course that Mr. Bagley should have followed, in order to contest the wife's motion on its merits, was to file a counteraffidavit putting into factual dispute (if such in truth existed) whether the omission of the marital debt provision was an oversight or rather reflected the actual intent of the parties not to change the respective obligations of the spouses to third party creditors. *See Good Will Home Ass'n v. Erwin*, Me., 285 A.2d 374, 377 (1971). However, Mr. Bagley never filed any counteraffidavit nor presented any contradictory evidence. We therefore see no abuse of the District Court judge's discretion under M.R.Civ.P. 43(e) in relying *inter alia* upon Mrs. Bagley's affidavit to decide whether she was entitled to relief. Mr. Bagley further asserts that the statements of the wife's attorney were unsworn; there is, however, nothing on the record to indicate that such was the case.[3] Of course, the unsworn representations of counsel cannot be considered as evidence to prove a fact at issue before a court. *See*

*Englebrecht v. Development Coop. for Evergreen Valley*, Me., 361 A.2d 908, 911 n. 2 (1976). We cannot assume, however, that the court failed to insist that Mrs. Bagley's lawyer, before giving testimony in the matter, be sworn just the same as any other witness. *See* M.R.Evid. 603, 1101(a). Mr. Bagley has not shown that testimony to have been inadmissible. Together with Mrs. Bagley's affidavit and supporting documents, that evidence was sufficient to warrant the inference that the husband had agreed to hold Mrs. Bagley harmless from the marital debts and that his agreement to that effect had been omitted from the original divorce judgment through the inadvertence of counsel.

The entry will be:

Appeal denied.

Judgment affirmed.

All concurring.

---

3. The procedure alleged to have been followed by the District Court in hearing the Rule 60(b) motion was marked by an undesirable degree of informality. We are told that the whole matter was handled in chambers and on the basis of the wife's affidavit and supporting documents, a telephone call to former counsel for the husband, and testimony (allegedly unsworn) by the wife's lawyer. The record before us provides no means for confirming or refuting these allegations of informality. However, the circumstances of this case illustrate the desirability that all proceedings in a divorce case be conducted in open court and that they be recorded. Substantial rights of the parties are almost invariably involved at trial—even in an uncontested divorce—and there is always the possibility that important issues will be raised on appeal or in subsequent proceedings where a record will be essential to an adequately informed decision. In the District Court the burden is on a party to request an electronic recording of the proceedings. *See* D.C.Civ.R. 76(a).