Jonathan B. WILLARD

v.

CITY OF PORTLAND.

Supreme Judicial Court of Maine.

Argued May 1, 1984.

Decided June 4, 1984.

Law Offices of Joseph Bornstein, Joseph L. Bornstein, Naira B. Soifer, Portland, for plaintiff.

Hewes, Culley, Feehan & Beals, Thomas J. Quinn (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The employee, Jonathan B. Willard, appeals from a judgment of the Workers' Compensation Commission denying his petition to annul an agreement for the discontinuance of compensation on the basis of an alleged mistake of fact pursuant to 39 M.R. S.A. § 102 (1978). Finding no error of law in the determination that the employee failed to establish a mistake of fact within the meaning of section 102, we deny the appeal.

The employee was working for the City of Portland as a sanitation technician when he injured his back on December 7, 1977. After the injury recurred in April, 1978, he began receiving medical treatment which culminated in surgery to remove a herniated disc the following September. On October 18, 1978, the parties executed an open ended agreement for payment of compensation which was subsequently approved by the Commission. The employee returned to work part time as a clerk for the City in January, 1979, but continued to receive workers' compensation.

In March of 1979, his father informed him of a job opening for a "utility man" at the manufacturing firm of Jarvis & Jarvis in Palmer, Massachusetts. After applying for and accepting the job, he spoke with Anne Allen who was then personnel administrator for the City of Portland. She informed him that he would "have to sign" a form, known as an "Employee's Agreement to Discontinuance of Compensation," before he started work at Jarvis because his weekly wages would exceed his current level of benefits. She also explained that this agreement "was not a final settlement." At the time he signed the discontinuance agreement on March 2, 1979, the employee was not represented by counsel.

The employee reported to work in Massachusetts on March 5, 1979. The following day he was subjected to a physical examination which revealed his prior back injury and the disc operation that had occurred in September of 1978. On March 9, 1979, the company discharged him.

After obtaining the services of counsel, the employee filed a petition to annul the discontinuance of benefits agreement as well as a petition for further compensation. At hearing the parties agreed to hold the latter petition in abeyance, and presented evidence only on the petition to annul. The Commissioner issued a decree denying the

petition to annul on the grounds that there was no evidence establishing a mistake of fact at the time the employee signed the discontinuance agreement. Findings of fact and conclusions of law were subsequently issued on the employee's motion. After the Appellate Division affirmed the decree, the employee filed this appeal.

■■■ Section 102 of the Workers' Compensation Act authorizes the Commission upon the petition of an employer or employee, to:

annul any agreement which has been approved by the commission provided it finds that such agreement was entered into *through mistake of fact* by said petitioner or through fraud.

In this context, a mistake of fact occurs "either when some fact which really exists is unknown or some nonexistent fact is supposed to exist." *St. Pierre v. St. Regis Paper Company,* 386 A.2d 714, 720 (Me. 1978); *Kennie v. City of Westbrook,* 254 A.2d 39, 43 (Me.1969). The mistake itself need not be reasonable since it is judged according to a subjective standard, *Dunton v. Eastern Fine Paper Company,* 423 A.2d 512, 517 (Me.1980), but the mistaken fact must be material to the substance of the discontinuance agreement in order to justify annulment. *Kennie,* 254 A.2d at 43. Finally, the employee must establish the element of causation. *Cannon v. Folsom,* 401 A.2d 947, 1000 n. 5 (Me.1979).

In support of his petition to annul, this employee asserts that the *fact* that Jarvis would subject him to a physical examination as a condition of employment and would later discharge him because of his prior back injury was in existence but unknown to him at the time he signed the agreement to discontinue benefits. He further contends that this fact was material since had he known that he was not assured a permanent, continuing position because it was contingent on passing a physical examination, he would not have agreed to the discontinuance. To support his position, the employee relies on two items of evidence which he claims the Commission interpreted erroneously.

First, the employee testified at the Commission hearing that the company doctor had refused "to pass [him]" on the physical examination because of the incision in his back and, further, that "the company would not accept anybody with any kind of back injury or previous back problems." The employee alleges error in the Commissioner's apparent refusal to consider this testimony as probative of Jarvis' employment practices merely because it was not based on the employee's own personal knowledge. In so arguing, he fails to recognize that it is the Commissioner's sole prerogative, as the finder of fact, to determine the weight to be assigned testimony. *O'Brien v. Walt's Services,* 402 A.2d 470, 470–71 (Me.1979).

■ Counsel for the employee also introduced copies of various forms from the employee's personnel file at Jarvis including reports by the physician and the personnel manager stating that the employee was terminated because "at the present time [he] is not physically capable of performing the work due to physical limitations." These records were properly admitted over a hearsay objection for the limited purpose of proving the stated reason for the employee's discharge by Jarvis. *See* M.R.Evid. 801(c). *Compare Depositors Trust v. Farm Family Life Ins.,* 445 A.2d 1014, 1019 (Me.1982) (written reports of physical examination held admissible for nonhearsay purpose of proving that insured had provided reasonable evidence of insurability; not to prove that the insured was in good health). Contrary to the employee's assertion, however, such evidence does not constitute proof that it was Jarvis' regular practice to subject all employees to a physical examination and to discharge those with a history of back problems. Proof of such an employment policy, if it ever existed, presumably could have been provided through testimony of the personnel manager at Jarvis or some other responsible official of the company. Without

such evidence, however, the employee could not and did not prove, as required by 39 M.R.S.A. § 102, that his eventual discharge by Jarvis was inevitable, and was therefore a *fact* which existed but was unknown to him at the time he signed the discontinuance agreement. Accordingly, we find no error either in the Commissioner's treatment of the evidence presented or in his conclusions of law concerning the existence of a mistake of fact.

██ The employee's final argument on appeal is that the City of Portland should be estopped from relying on the discontinuance agreement because of the allegedly misleading statement made by the City's personnel administrator, Ann Allen, that he "had to sign" it before starting his new job.[1] This contention was never presented in the petition to annul the agreement, nor was it ever addressed by the Commissioner or by the Appellate Division. According to sound principles of appellate practice, therefore, we must decline to resolve the issue on appeal. *See, e.g., In re Estate of*

*Thompson,* 414 A.2d 881, 890 (Me.1980) (Law Court should not decide a point which the court below has failed to entertain and settle); *Mandarelli v. McGovern,* 393 A.2d 533, 536 (Me.1978) (denial of appellate review because of party's failure to submit an issue for *decision* at the trial level).

The entry must be:

Judgment affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.

---

1. Although never established as a proven fact, the employee asserts that he could have executed a so-called "trial work period" agreement instead, pursuant to 39 M.R.S.A. § 100–A (Supp. 1983–1984). Under such an agreement, workers' compensation payments would have resumed automatically after he was discharged by Jarvis.