**Richard REEVES**

v.

**F.W. WOOLWORTH CO.**

Supreme Judicial Court of Maine.

Argued Nov. 8, 1984.

Decided Dec. 11, 1984.

Jordan & Goodridge, Donald Goodridge (orally), Houlton, for plaintiff.

Severson, Hand & Nelson, P.A., Daniel R. Nelson (orally), Houlton, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, F.W. Woolworth Co., appeals from a Superior Court, Aroostook County, judgment entered on a jury verdict awarding damages to the plaintiff for breach of contract. The defendant alleges the Superior Court committed reversible error by denying both its motion for judgment notwithstanding the verdict pursuant to M.R.Civ.P. 50 and its motion for a new

trial pursuant to M.R.Civ.P. 59, challenging the sufficiency of the evidence and the damages awarded. We affirm the judgment.

To the extent the defendant's motion for a new trial embodies a challenge to the sufficiency of the evidence and seeks the entry of a judgment favorable to the defendant rather than a new trial, it must be regarded as a motion for a judgment notwithstanding the verdict. *Nordic Sugar Corp. v. Maine Guarantee Authority,* 447 A.2d 1239, 1241 (Me.1982). Because of defendant's failure at the close of all the evidence to make a motion for a directed verdict as required by the terms of M.R. Civ.P. 50(b), it may not make a motion for a judgment notwithstanding the verdict or one regarded as such. Accordingly, the defendant has waived the issue of whether the evidence entitled it to a favorable judgment as a matter of law, and we will not consider the merits of the issue on this appeal.

Insofar as the motion for a new trial is based on a claim that the award of damages was excessive, we find, upon careful review of the record, that the assessment is well supported by credible evidence, and we discern no demonstration that the jury acted improperly in arriving at its verdict. *McLellan v. Morrison,* 434 A.2d 28, 30 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.