**Alice F. LUNT**

v.

**Donald A. LUNT.**

Supreme Judicial Court of Maine.

Argued Jan. 11, 1987.
Decided April 3, 1987.

Joseph B. Pellicani (orally), Strout, Payson, Pellicani, Cloutier, Hokkanen, Strong & Levine, Rockland, for plaintiff.

Charles E. Trainor (orally), Robert A. Laskoff, P.A., Lewiston, for defendant.

Before MCKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Defendant, Donald A. Lunt, appeals from a judgment of divorce for the Plaintiff, Alice F. Lunt, entered in Superior Court, Knox County, challenging only the division of marital property in that judg-

ment. Specifically, the husband contends that it was error for the divorce court to find that the present value of the military pension to which he, having retired from the air force, was entitled, was to be considered as entirely marital property in that judgment.

Such an issue was never raised in the divorce court.[1] The record the husband brings before us on this appeal is inadequate for determination of whether this particular asset was to be treated as marital or non-marital under the provisions of 19 M.R.S.A. § 722–A (1981). Significantly, the husband did not overcome the statutory presumption that this pension was marital property. Moreover, he failed to show us that he had been unfairly prejudiced by the judgment that was entered below.

In sum, on this appeal it was incumbent on the husband to establish that, over all, the property of the spouses was divided in a manner that was unjust after considering all relevant factors. *Bagley v. Bagley*, 415 A.2d 1080, 1083 (Me.1980). This the husband did not do.

The entry is:

Judgment affirmed.

All concurring.

---

1. While not controlling here, it should not be overlooked that M.R.Civ.P. 80(n) requires the filing at least three days in advance of the hearing of a list indicating separately the marital and non-marital property to be divided or set aside and indicating what items are in dispute.