Donald M. **AREL**

v.

**Raymond POIRIER, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1987.

Decided Nov. 30, 1987.

Charles E. Trainor (orally), Robert A. Laskoff, P.A., Lewiston, for plaintiff.

James M. Bowie (orally), Hunt, Thompson & Bowie, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

In this action for negligent operation of a motor vehicle, tried by jury in the Superior Court, Androscoggin County, plaintiff Donald M. Arel, appeals from the Superior Court judgment in his favor. Arel claims that he is entitled to a new trial on the following grounds: 1) the damages awarded by the jury were clearly inadequate as a matter of law, 2) the evidence was insufficient to support the jury's finding that he was negligent to any degree, 3) the court erroneously excluded evidence of defendant Raymond Poirier's driving practices on the road where the accident occurred and 4) the court refused to inform the jury that the corporate defendant, L.P. Poirier & Sons, Inc., had admitted furnishing the vehicle to the minor defendant. We affirm the judgment.

On Sunday afternoon, February 13, 1983, Poirier was traveling south on Randall Road in Auburn. Poirier, who admittedly was traveling in excess of the 25 m.p.h. speed limit, approached a sharp right-hand curve in the road when he hit a patch of ice and skidded through the curve into a snowbank on the opposite side of the road. At the same time, Arel approached the curve from the opposite direction in his own lane at a speed of approximately 20 m.p.h. Arel first observed Poirier when he was 50–75 feet away. When the defendant was 50 feet away, Arel observed his (Poirier's) truck start to slide across the center of the road. Arel pumped his brakes and turned his truck to the right in an attempt to avoid a collision. Nevertheless, the vehicles collided and ended up in a snowbank on Arel's side of the road.

At trial, Arel testified that immediately after the accident, his only complaint was that his knees were sore. Later that evening, he started to feel discomfort in his back, neck and arms so he went to the hospital, where X-rays were taken. Arel was unable to work the next week because of the gradual worsening of the pain. On Friday, February 18, Arel went to see a physician, Dr. Shields. He treated with Dr. Shields for a month or two. On May 19, 1983, Arel consulted Dr. Chaffee. As a result of a myelogram and C.T. scan, Dr. Chaffee performed decompression surgery to repair a herniated disc. The May 26, 1983 operation, however, did not improve Arel's condition. Thereafter, Arel sought treatment from numerous physicians, therapists and a chiropractor. At trial, Arel testified that his condition has not improved significantly since the surgery and in some aspects is worse. He further testified that he continues to have pain in his back, legs, arms and neck, headaches, problems with his arms twitching and "flying out," he cannot sit or stand for longer than 15–20 minutes without experiencing pain and has trouble getting to sleep at night. Contradictory evidence generated questions as to the origin and extent of Arel's injuries.

The jury returned a special verdict concluding that Poirier's negligence caused the accident, and awarded Arel $20,250. The jury also concluded that Arel's own negligence contributed to the accident and therefore reduced his recovery to $15,188. Arel then moved for a judgment notwithstanding the verdict on the issue of his comparative negligence, for a new trial and for additur. Arel challenges the Superior Court's denial of these motions.

### I.

Arel contends that the evidence was insufficient to support the jury's verdict that he was negligent to any degree. In *Reeves v. F.W. Woolworth Co.*, 485 A.2d 230 (Me.1984), we said "[t]o the extent the defendant's motion for a new trial embodies a challenge to the sufficiency of the evidence and seeks the entry of a judgment favorable to the defendant rather than a new trial, it must be regarded as a motion for a judgment notwithstanding the verdict." *Id.* at 231. This principle applies equally where the *plaintiff*, in effect, seeks the entry of a judgment in his favor rather than a new trial. *Nordic Sugar Corp. v. Maine Guarantee Auth.*, 447 A.2d 1239, 1241 (Me.1982). Without objection from Arel, the trial court submitted to the jury the question whether Arel was negligent and whether that negligence was a proximate cause of the accident. Arel's motion for judgment N.O.V. was properly denied, therefore, because he did not seek a directed verdict at the close of all the evidence as required by M.R.Civ.P. 50(b). *See McLellan v. Morrison*, 434 A.2d 28, 29 n. 1 (Me.1981). Accordingly, Arel has not preserved the issue whether the evidence was insufficient, as a matter of law, to support the finding that he was negligent to any degree and we do not address the merits of his contention.

### II.

Arel's second contention is that the Superior Court erred by refusing to grant a new trial or an addition to the verdict on the ground that the damages awarded by the jury were inadequate as a matter of law. The presiding justice's denial of a new trial on the ground of inadequate dam-

ages will be reversed only if we determine that his decision was a clear and manifest abuse of discretion. *Binette v. Dean*, 391 A.2d 811 (Me.1978).

> [T]he justice before whom an action has been tried is in a far better position than an appellate court to know whether in light of his observations at the trial the damages awarded by the jury were so wholly inconsistent with the proof as to reflect some bias, prejudice or improper influence on the part of the jury or to support the conclusion that the verdict was the result of some mistaken fact or law on their part.

*Marr v. Shores*, 495 A.2d 1202, 1206 (Me. 1985) (quoting *Mandarelli v. McGovern*, 393 A.2d 533, 535 (Me.1978)). In order to make this determination, we will consider the evidence in a light most favorable to the non-moving party and will defer to the jury on issues of credibility. *Id.* at 1206–07.

In the case at bar, Arel argues that the jury awarded less than his special damages and did not consider his general damages. The award, he contends, must have been the result of compromise, apparent unfairness or a disregard of the trial justice's instruction. The record reveals, however, conflicting evidence concerning the extent to which Arel's complaints were caused by the accident rather than an unaggravated pre-existing mental or physical condition, as well as the extent to which Arel has been disabled by the injuries he suffered as a result of the accident. We find no abuse of discretion in the court's denial of Arel's motion.

### III.

■ Arel next contends that the court erred in refusing to allow a witness to testify that she had driven home from school with Poirier every day for almost 5½ months and his practice was to speed down Randall Road and "fishtail" through certain corners. Arel contends this evidence was admissible under M.R.Evid. 406, as evidence of habit and custom.[1] "[H]abit describes one's regular response to a repeated specific situation so that doing the habitual act becomes semi-automatic. It is the notion of the invariable regularity that gives habit evidence its probative force." Adviser's Note, M.R.Evid. 406. *See generally*, R. Field & P. Murray, *Maine Evidence*, § 406.1 (1987).

On the day of the accident, Poirier was approaching the curve where the accident occurred in a direction opposite to that which the witness normally observed him driving on the road; furthermore, this curve was not Poirier's favorite place to induce the rear of his truck to go into a "fishtail." This evidence does not establish the "regular response to a repeated specific situation" necessary to constitute habit under M.R.Evid. 406, and thus it was not an abuse of discretion for the court to exclude the testimony.

### IV.

■ Finally, Arel contends that the Superior Court committed reversible error by refusing to inform the jury that the corporate defendant, L.P. Poirier & Sons, Inc. had admitted that it furnished the truck involved in the accident to Poirier and thus, under 29 M.R.S.A. § 1861 (1978), it would be jointly and severally liable with Poirier for any damages caused by his negligence in operating the vehicle. Even if we were to find that the presiding justice committed error by not apprising the jury of the corporation's admission, Arel has not shown that such error had an adverse prejudicial affect on his substantial rights. "Any alleged error or defect in any ruling or order by the trial court which does not affect the substantial rights of the parties must be disregarded." *Farrell v. Theriault*, 464

---

1. Rule 406 provides:
   (A) **Admissibility.** Evidence of the habits of a person or the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.
   (B) **Method of proof.** Habit or routine practice may be proved by specific instances of conduct sufficient in number to warrant a finding that the habit existed or that the practice was routine.

A.2d 188 (Me.1983) (citing M.R.Civ.P. 61). Contrary to Arel's argument, and despite the fact that the jury was not advised of the admission by the corporation, it remained a party defendant throughout the case.

The entry is:

Judgment affirmed.

All concurring.